UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE CLARK, | ) | CASE NO. 5:14-cv-2712 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| OHIO DEPARTMENT OF YOUTH SERVICES, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to dismiss filed by Ohio Department of Youth Services ("ODYS"), Benny Wilmoth ("Wilmoth"), and Garland Rivers ("Rivers") (collectively, "defendants"). (Doc. No. 6 ["Motion"].) Plaintiff has filed a brief in opposition. (Doc. No. 7 ["Opp'n"].) Plaintiff has also filed a motion for leave to amend the complaint. (Doc. No. 8 ["Motion Am."].) Defendants filed a brief in opposition (Doc. No. 9 ["Opp'n Am."]), and plaintiff filed a reply (Doc. No. 16 ["Reply Am."]). For the reasons set forth below, the motion to dismiss is granted and the motion for leave to amend is denied without prejudice.

I. BACKGROUND

On December 12, 2014, plaintiff filed his complaint alleging two federal claims: a claim pursuant to 42 U.S.C. § 1983 against ODYS, Wilmoth, and Rivers (each in their official and individual capacities) of excessive force in violation of the Fourth, Eighth and Fourteenth Amendments to the Constitution; and a claim against ODYS under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The complaint also includes state

law claims of assault/battery, intentional infliction of emotional distress, negligence, *respondeat superior* liability, and negligent supervision/retention/training.

Plaintiff alleges that, on January 10, 2013, while he was a minor residing at an ODYS facility in Massillon, Ohio, he was involved in a verbal altercation with ODYS employees Wilmoth and Rivers[1] that escalated into an assault and unlawful restraint. (Compl. ¶¶ 12-13.) He alleges that, while subduing him, they broke his arm in several places. (*Id.* ¶ 14.)[2] Plaintiff further alleges that an investigation of the incident (which was recorded by video camera) resulted in a finding of excessive force and the firing of Wilmoth. (*Id.* ¶¶ 15-17.) He alleges both that Wilmoth had a history of physical and verbal abuse of the minor residents of the facility, and that ODYS had a history of deliberate indifference regarding verbal, emotional and physical abuse in the facility. (*Id.* ¶¶ 18, 19.)

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

#### 1. *Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d

---

[1] The allegations also include certain John Doe defendants who have yet to be identified or served.

[2] Plaintiff has attached to the complaint a copy of the grievance he filed at the time of the incident. Therein, he admits to arguing with Wilmoth and Rivers, swearing at them, yelling at them, "squaring up" with Rivers, and jumping over two couches to try to get away, before they grabbed him and exerted the force he now challenges. (*See* Doc. No. 1-1.)

929 (2007)). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555, n.3. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### 2. *Sovereign Immunity & § 1983 Claims*

In their motion to dismiss, defendants argue that plaintiff's § 1983 claims against ODYS and against Wilmoth and Rivers in their official capacities[3] are barred by the sovereign immunity enjoyed by the State of Ohio and its agencies. Sovereign immunity is "'firmly enshrin[ed] … in our constitutional framework' and shields the States from private lawsuits absent their consent or permissible abrogation by Congress." *Crabbs v. Scott*, 786 F.3d 426, 428-29 (6th Cir. 2015) (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 752-53, 122 S. Ct. 1864, 152 L. Ed. 2d 962 (2002)); *see also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (absent the express consent of the state, Eleventh Amendment operates as a bar to federal court jurisdiction when a private citizen sues a state or its instrumentalities). Defendants correctly assert, in reliance upon *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999), that the State of Ohio has not waived its Eleventh Amendment immunity from suits in federal court for monetary damages.

---

[3] Suits against state officers or agents in their official capacities are the same as suits against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Will v. Mich. Dep't of State Police.*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

In opposition to this argument, plaintiff asserts that ODYS has waived its Eleventh Amendment immunity by accepting federal funds under statutes where immunity has been abrogated by Congress.[4] (Opp'n at 54-55; *see also* Compl. ¶ 5.) Citing the Prison Rape Elimination Act[5] and "other federal statutes (Medicaid, Catalog of Federal Domestic Assistance, Workforce Investment Act and Temporary Assistance to Needy [F]amilies, and the Detainee Treatment Act, 42 U.S.C. Section 2000dd, etc.)" (Opp'n at 55), plaintiff states, without supporting citation, that "eight states have opted out of receiving federal funds in exchange for complying with [federal] standards[,] [but] Ohio is not one of them." (*Id.* at 55.) Plaintiff makes the further unsupported blanket statement that a "State's taking money from the Federal purse waives State Sovereign Immunity." (*Id.*) Again without citation, plaintiff declares that "every circuit except the Second and the Federal Circuit has held that states waive their sovereign immunity under the Rehabilitation Act by accepting federal funds." (Opp'n at 55.)[6]

Plaintiff's brief has provided nothing more than a conclusory assertion that, if a state accepts money under any federal law, but specifically under the Prison Rape Elimination Act or the Detainee Treatment Act, it waives its sovereign immunity for claims brought in federal court. The sole support offered by plaintiff for its opposition to application of the Eleventh Amendment is *South Dakota v. Dole*, 483 U.S. 203, 107 S. Ct. 2793, 97 L. Ed. 2d 171 (1987), where the Supreme Court upheld conditioning receipt of federal highway funds upon a

---

[4] Defendants have not filed a reply brief to address this counter-argument, although they briefly mention it in a short footnote in their opposition to plaintiff's motion for leave to amend. (*See* Doc. No. 9 at 63, n. 1.)

[5] Inexplicably, plaintiff cites 42 U.S.C. § 13981, a section of the Violence Against Women Act of 1994 ("VAWA") (Title 42, Chapter 136, Subch. III). This section has been ruled unconstitutional and, in any event, is inapplicable to the facts alleged here. *See United States v. Morrison*, 529 U.S. 598, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000) (holding that the Commerce Clause did not provide authority to Congress to enact the civil remedies in VAWA). The correct statutory citation for the Prison Rape Elimination Act of 2003 is 42 U.S.C. 15601, *et. seq.*

[6] The complaint contains no claim under the Rehabilitation Act; however, plaintiff seeks to amend to add such a claim. This motion is separately addressed below.

state's adoption of a minimum drinking age of 21, concluding that it was a valid use of Congress's spending power. Plaintiff argues that this case stands for the broad proposition that "imposing conditions on federal funding or states is generally permissible." (Opp'n at 55.) That may be true as a general principle, but plaintiff fails to show how it is applicable here. The Court concludes that it is not.

The Court's research has found only one case directly addressing the statutes upon which plaintiff relies. In *Reed v. Washington*, No. C09-5138BHS, 2009 WL 1393598 (W.D. Wash. May 19, 2009), the district court held that inmates did not demonstrate that Congress specifically intended to abrogate Eleventh Amendment immunity when it passed the Institutionalized Persons Act, the Prison Rape Elimination Act, the Crimes Against Women Act, or the Detainee Treatment Act. *See also Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Assoc.*, 450 U.S. 147, 150, 101 S. Ct. 1032, 67 L. Ed. 2d 132 (1981) ("mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in federal courts[]") (citation omitted); *Sossamon v. Texas*, -- U.S. --, 131 S. Ct. 1651, 1658, 179 L. Ed. 2d 700 (2011) (holding that provision in Religious Land Use and Institutionalized Persons Act creating private right of action to obtain "appropriate relief" against government did not notify states that, by accepting federal funds, they were waiving sovereign immunity).

The Court concludes that plaintiff's § 1983 claims against ODYS and against Wilmoth and Rivers in their official capacities, because they are essentially claims against the State of Ohio, are barred by the Eleventh Amendment and must be dismissed.

### 3. "Person" Within Meaning of § 1983

In addition to their sovereign immunity argument, defendants also correctly assert that they are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (neither a state nor state officials acting in their official capacities are "persons" under § 1983). This argument provides another ground for dismissal of the § 1983 claims.

But, in his opposition brief, plaintiff argues that his *Monell* claim against ODYS survives because that case, in his view, "make[s] the Government a 'person'" under § 1983. (Opp'n at 57.) Although acknowledging that *respondeat superior* is not a basis for recovery under § 1983, plaintiff alleges that he has a viable claim because an "official policy" of ODYS caused his constitutional deprivation by the officers. (*Id.*; *see also* Compl. ¶ 25.)

Plaintiff's interpretation of *Monell* is incorrect. Municipalities and other political subdivisions, not being States, do not enjoy sovereign immunity. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 369, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) ("the Eleventh Amendment does not extend its immunity to units of local government[]"). For that reason, *Monell* held that political subdivisions are "persons" under § 1983 and they, and their agencies and officials, can be liable under that statute, although the liability is limited to unlawful conduct resulting only from official customs and policies. *Monell* does not turn State agents, like ODYS and its employees acting in their official capacities, into "persons" under § 1983.

Therefore, plaintiff's *Monell* claim also cannot survive the application of sovereign immunity.

### *4.    State Law Claims*

Plaintiff's state law claims against ODYS and Wilmoth and Rivers in their official capacities are also barred by the Eleventh Amendment. "The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007). "The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment." *Id.* at 521.

As to plaintiff's state law claims against Wilmoth and Rivers in their individual capacities, this Court lacks jurisdiction.

Ohio Rev. Code § 9.86 confers immunity on state officers and employees, providing, in relevant part: "[N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

Section 9.86 works in tandem with Ohio Rev. Code § 2743.02(F), which provides, in relevant part: "A civil action against an officer or employee ... that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code[.]"

> [Thus], Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

*McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012) (quoting *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989)).

As in *McCormick*, there is nothing here to suggest "that an Ohio Court of Claims has determined that the [individual] defendants were not entitled to immunity." *Id.* This Court "therefore lack[s] jurisdiction to hear the state claims." *Id.*

Plaintiff's state law claims against all defendants are dismissed without prejudice.

### B. Plaintiff's Motion to Amend

Plaintiff moves to amend his complaint to add a claim under § 504 of the Rehabilitation Act. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (citing Fed. R. Civ. P. 15(a)). That said, the Court is not required to permit amendment where such would be futile. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citing *Foman*).

Under Fed. R. Civ. P. 15(a)(1)(B), plaintiff had the right to amend the complaint "once as a matter of course" either 21 days after it was served, or 21 days after the defendant served its motion under Rule 12(b). He did not do so.

8

Instead, on February 2, 2015, fully one month after filing his opposition to defendants' motion to dismiss, plaintiff filed a motion for leave to amend his complaint "to add that [he] was an intellectually disabled individual subject to Section 504 of the Rehabilitation Act while he was detained at an Ohio Department of Youth Service facility." (Motion Am. at 59.) The motion asserts, without any explanation or support (and no attached *proposed* amended complaint), that plaintiff has a "colorable action" under the Rehabilitation Act.

As noted by defendants in their opposition brief, Section 504(a) of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …." (Opp'n Am. at 64.) To set forth a prima facie case under the Rehabilitation Act, the plaintiff must allege (1) that he is "disabled" under the Act; (2) that he is "otherwise qualified" for participation in some federally-funded program; and (3) that he was excluded from participation in, or was denied the benefits of, or was subjected to discrimination under the program solely because of his disability. *Burns v. Columbus, Dep't of Pub. Safety, Div. of Police*, 91 F.3d 836, 841 (6th Cir. 1996).

The Court is not inclined to grant leave to amend without first seeing the proposed amended complaint. In *Shillman v. United States*, 221 F.3d 1336, 2000 WL 923761, at * 6 (6th Cir. June 29, 2000) (Table), the Sixth Circuit noted that "courts may (and in the ordinary course should) require an amendment's proponent to attach a copy of the proposed amended complaint[.]" Even so, "'the motion itself may be acceptable so long as it puts the opposing party on notice of the *content* of the amendment.'" *Id.* (emphasis added) (quoting *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)); *see also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d

435, 444 (6th Cir. 2014) (upholding the district court's denial of leave to amend "[b]oth because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint").

Here, no content is suggested in the motion and it is not possible to ascertain the nature of any "colorable claim" that plaintiff may have under the Rehabilitation Act. His original complaint set forth a claim of excessive force by ODYS employees, as well as related state law claims, based on very narrow factual allegations, none of which suggest a claim under the Rehabilitation Act.

Accordingly, the motion to amend is denied without prejudice. Should plaintiff wish to resubmit the motion with a proposed amended complaint, the Court will give such new motion due consideration, after permitting defendants an opportunity to oppose the amendment. In the meantime, the Court plans to proceed with this case as it currently stands.

### III. CONCLUSION

For the reasons set forth, defendants' motion to dismiss (Doc. No. 6) is granted to the extent it seeks dismissal of all federal law claims against ODYS and against Wilmoth and Rivers in their official capacities. In addition, all state law claims against all defendants are dismissed without prejudice. The first claim in the complaint is the only one that survives, namely, a claim of excessive force against Wilmoth and Rivers in their individual capacities.[7]

Plaintiff's motion to amend is denied without prejudice as set forth herein.

---

[7] The question of qualified immunity has not been raised and has not yet been considered by the Court.

Within ten (10) days of this order, defendants shall file their answer(s) to the complaint as it now stands. The Court will by separate order promptly schedule the Case Management Conference.

**IT IS SO ORDERED**.

Dated: July 2, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**